Filed 5/11/23  P. v. Palmer CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LORIE PALMER,<br><br>    Defendant and Appellant. | A159548<br>(San Mateo County<br>Super. Ct. No. 16-SF-004359A) |

Lorie Palmer appealed from the denial of her motion to strike a restitution collection fee, contending the trial court erred in imposing the fee without consideration of her ability to pay.  Due to statutory changes while the appeal was pending, the parties now agree that the challenged fee is unenforceable and uncollectible.  Because the fee was imposed administratively and not by court order, there is no judgment or order for us to reverse and we will dismiss the appeal as moot.

1

## BACKGROUND

Palmer pleaded guilty to appropriation of public funds (Pen. Code, § 424, subd. (a))[1] in 2016.[2]  She was placed on probation and ultimately stipulated to pay restitution of $301,343.  In October 2019, Palmer filed a motion to set aside a $41,054.40 restitution collection fee that San Mateo County Revenue Services (Revenue Services) had imposed pursuant to former section 1203.1, subdivision (*l*).  The County opposed the motion, the trial court denied it and Palmer filed this appeal.

Palmer's opening brief, filed on January 5, 2021, argued that the trial court erred in failing to make a finding of ability to pay the restitution collection fee, in violation of *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  Palmer requested, however, that we defer decision on the appeal because the issue was pending in the California Supreme Court in *People v. Kopp* (S257844, review granted November 13, 2019).  After the parties' remaining briefs were filed, on July 8, 2021, we stayed the appeal pending the Supreme Court's decision in *Kopp* as requested in Palmer's opening brief.

Meanwhile, the Legislature adopted Assembly Bill No. 177 (2021-2022 Reg. Sess.) (Assembly Bill No. 177), which repealed and replaced former section 1203.1 as of January 1, 2022.  (Stats. 2021, ch. 257, §§ 21, 22.)  This change eliminated the restitution collection fee, as subdivision (*l*) of the section 1203.1 that became operative on January 1, 2022 addresses entirely different subject matter and the fee is no longer mentioned in the statute.  Assembly Bill No. 177 also amended section 1465.9 to add subdivision (b), providing that "[o]n and after January 1, 2022 the balance of any court-

---

[1]  Further statutory references will be to the Penal Code.

[2]  The facts underlying Palmer's conviction are irrelevant to the issue on appeal and need not be recited.

imposed costs pursuant to" enumerated statutes including section 1203.1 "as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2021, ch. 257, § 35.)

On April 12, 2023, noting that more than two years had passed since Palmer filed her opening brief and *Kopp* had not yet been set for argument, we lifted the stay and notified the parties of our intention to decide the merits of the appeal. We asked the parties to address the effect, if any, of the statutory amendments that, subsequent to the briefing of the appeal, had eliminated former section 1203.1, subdivision (*l*), and adopted section 1465.9, subdivision (b).

In their letter briefs, the parties agree that Assembly Bill No. 177 rendered the restitution collection fee previously authorized by former section 1203.1, subdivision (*l*), "unenforceable and uncollectible." (§ 1465.9, subd. (b).) Palmer asks us to vacate the order imposing the restitution collection fee with regard to any portion remaining unpaid as of the effective date of the amendment eliminating former section 1203.1, subdivision (*l*).[3]

The County, by contrast, asks us to dismiss the appeal as moot. The County maintains that because Assembly Bill No. 177 rendered the restitution collection fee "unenforceable and uncollectible" as of January 1, 2022, the portion of the judgment imposing the fee has been vacated by operation of law.

---

[3] Palmer's letter brief refers to this date as January 1, 2021. We assume this to be a typographical error: As the rest of Palmer's letter brief recognizes, the provisions of Assembly Bill No. 177 eliminating the administrative collection fee became operative on January 1, 2022. (Stats. 2021, ch. 257, §§ 21, 22.)

If the restitution collection fee had been imposed by court order or judgment, we would reject the County's argument and vacate the relevant portion of the judgment or order, as the plain language of section 1465.9, subdivision (b), requires. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 260 [rejecting argument that fees eliminated by Assembly Bill No. 1869 (2019-2020 Reg. Sess.) became unenforceable automatically, without need to vacate court order, because statute also requires that portion of judgment imposing fees be vacated].)

Both parties, however, ignore the fact that there is no judgment or order imposing that fee: The court ordered Palmer to pay victim restitution, but the collection fee was added by Revenue Services.[4] Accordingly, while there is no question Palmer cannot be required to pay any portion of the restitution collection fee that remained unpaid as of January 1, 2022, there is no judgment or court order for us to vacate and, therefore, no effective relief we can provide.[5] " ' "[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." ' " (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321, quoting *People v. Rish* (2008)

---

[4] Under former section 1203.1, subdivision (*l*), the restitution collection fee was to be added by the "entity collecting" victim restitution, with the amount set by the board of supervisors if the fee was collected by the county and by the court if the fee was collected by the court. San Mateo County established the fee by ordinance, to be paid to the Probation Department or county collection agent. (San Mateo County Ord. Code, § 2.43.040(H).)

[5] The County attached to its letter brief a copy of a document entitled "Public Notice" released by Revenue Services on May 3, 2022, which announces the fees eliminated by Assembly Bill No. 177, including the restitution collection fee under former section 1203.1, subdivision (*l*), and states that all cases with outstanding balances for these fees will be adjusted to eliminate the outstanding balance.

4

163 Cal.App.4th 1370, 1380.)  As this case has become moot, dismissal of the appeal is appropriate.

## DISPOSITION

The appeal is dismissed as moot.

_____
STEWART, P.J.

We concur.


_____
MILLER, J.



_____
MARKMAN, J.*

*People v. Palmer* (A159548)

* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.